*John O. Winship*, for plaintiff in error.

*E. A. Foote*, for defendant in error.

---

### SHERIFF'S RETURN OF SERVICE OF SUMMONS NOT CONCLUSIVE.

[Circuit Court of Cuyahoga County.]

CHARLES H. PARKER v. VAN DORN IRON WORKS.

Decided, February 10, 1902.

*Service of Summons—What Constitutes a Proper Service Upon a Corporation—Return of Sheriff as to Service not Conclusive—Evidence Justifying the Setting Aside of a Judgment—Obtained on Faith of a Sheriff's Return.*

1. A return by a sheriff of summons in an action against a corporation which sets forth that on a day named "I served this writ on the within company by delivering a true and certified copy thereof to the treasurer of the company (naming him), the president or chief officers not being found in my county" is in exact conformity with the provisions of Section 5044 relating to service on corporations.

2. But where a judgment based on the faith of such a return is directly attacked for want of service, it is proper upon motion to receive evidence as to the fact whether service was had as shown by the return; and where there is produced an affidavit by the treasurer of the corporation upon whom it is claimed the service was made, in which he states that he distinctly remembers that no summons were served on him in the case in question, a court is justified in vacating the judgment.

MARVIN, J.; CALDWELL, J., and HALE, J., concur.

Heard on error.

The plaintiff here was the plaintiff below. He filed his petition in the court of common pleas against the defendant, which is a corporation. His cause of action set out in the petition was for a personal injury which he claimed to have received while in the employ of the corporation and by reason of its negligence. Summons was issued out of that court upon such petition on November 13, 1899. The summons was returned, endorsed by the sheriff, in the following words:

"On the 14th day of November, 1899, I served this writ on the within named, the Van Dorn Iron Works Company, by delivering a true and certified copy thereof to L. Golden, treasurer of said company; the president or other chief officers not found in my county."

No motion, demurrer or answer was filed by the defendant to the petition. The case remained in court until the September Term thereof, 1901, when a jury was impanneled. Evidence on the part of the plaintiff was introduced, and a verdict rendered for the plaintiff in the sum of five thousand dollars, and judgment was entered upon this verdict. Later in the same term a motion was filed by the defendant to vacate this judgment. Upon hearing, this motion was sustained, and a new trial of the case ordered.

The present proceeding is brought to set aside the order vacating the judgment; the grounds set out in the motion to vacate are that the defendant had no knowledge, until after the trial of the cause, that such action had been commenced, and that there was never any service of summons made upon the defendant, and that no officer, agent or attorney of the defendant ever had notice or knowledge that it was claimed that any summons had been served on the defendant.

On the part of the plaintiff here, it is urged that the return of the sheriff upon the summons is conclusive of the fact that it was served upon the treasurer of the company, and that neither the president nor other chief officer of the company was in the county. This return shows a service in exact conformity with the provisions of Section 5044, Revised Statutes, which provides:

"A summons against a corporation may be served upon the president, mayor, chairman or president of the board of direc-

tors or trustees, or other chief officers; or, if its chief officer be not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent.''    *    *    *

That this return, however, is not conclusive, seems to be settled by the holding of the Supreme Court in *Kingsborough* v. *Tousley*, 56 Ohio St., 450. The first clause of the syllabus reads:

''In an action on a personal judgment, whether rendered by a court of this state or elsewhere, it is competent to plead and prove in defense, though it be in contradiction of the record, that the defendant was not served with process, nor jurisdiction of his person otherwise obtained by the court rendering the judgment.''

This was a suit brought in the court of common pleas by Tousley on a judgment recovered by him against Kingsborough before a justice of the peace of Cuyahoga county. An answer was filed by Kingsborough averring that when the action before the justice of the peace was commenced, and during its pendency, his domicile and residence was in the state of Illinois, and had been for a long time before that, and so continued to be for a long period thereafter, during which time he was not within the state of Ohio, and that no summons was served on him, nor other notice given him, of the commencement or pendency of the suit.

Issue was joined upon this answer, and evidence was received in support of the allegations of the answer; but at the conclusion of this evidence, the court sustained an objection thereto, and held, and so decided, that these allegations were not sufficient to constitute a defense to the matters and things set forth in the petition.

On page 456, Judge Williams, in the opinion, uses this language:

''For while there is some conflict of the decisions as to whether, where there is a presumption of service and jurisdiction or where these appear on the face of the record, it can be shown in a collateral proceeding that in fact no service was had, the authorities are substantially uniform to the effect that when the judgment is directly attacked for want of jurisdiction, such want of service and jurisdiction may be shown, though it be in contradiction of the record.

"But here again the authorities differ as to what constitutes an attack of that nature. It is conceded that it includes proceedings in error, motions to vacate or modify the judgment, and that in some cases it may be made by original action, as was formerly done by bill in chancery to correct or set aside the judgment."

There would seem to be no doubt from this that the return of the sheriff in the present case was *not* conclusive. It comes within the class which Judge Williams says it is conceded that evidence may be received to contradict the return, for this was a motion to vacate the judgment. It was not error, then, for the court of common pleas to receive evidence that the return of the sheriff was not true.

But it is said that the evidence did not justify the court in holding that the return of the sheriff was incorrect. We have before us a bill of exceptions containing all the evidence upon which the court acted. This evidence was all embodied in affidavits; among them is the affidavit of L. Golden, the man upon whom the return shows the service was made; in this affidavit he, among other things, says that he distinctly remembers that no summons in this action was ever served on him personally. He gives some reasons why he is sure that the summons was not served upon him, but these do not negative his positive assertion already mentioned.

The affidavit of the president of the company is filed to the effect that he had no knowledge of the pendency of the action, and that it would have been his duty to have looked to this litigation if it had come to his notice.

Evidence was introduced on the part of the plaintiff showing that the defendant had been notified by the plaintiff's attorney that suit will be brought, but surely this would not take the place of the service of a summons.

Without saying whether the court would have been justified in vacating the judgment without the affidavit of Golden, we are clearly of the opinion that no error was committed in the making of such order to vacate, and the judgment is affirmed.

*W. H. Polhamus*, for plaintiff.

*F. C. Phillips*, for defendant.